In the Matter of the Application of THOMAS F. GANNON, Petitioner, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, and as Successor of FRANK J. TAYLOR and Others, Respondents.*

Supreme Court, Special Term, New York County, April 12, 1938.

* Affd., without opinion, 255 App. Div. 755.

*Jesse Rogers*, for the petitioner.

*William C. Chanler, Corporation Counsel* [*Robert H. Schaffer* of counsel], for the respondents.

MILLER, J. The petition is based upon section 352 of the Judiciary Law, which provides that the salaries of " the attendants " of the County Court of Kings county are to be equalized and fixed at the amount paid to attendants of the Supreme Court in that county. The " chief attendant " of the Supreme Court of Kings county receives $4,500. Petitioner, therefore, asks that his salary as " chief court attendant " be increased to the same amount.

This request would be persuasive if it were reasonably certain that the equalization statute covered attendants of all grades. A reading of various sections of article 10 of the Judiciary Law preceding and following section 352 indicates that the word " attendants " in the law is not used generically. Thus, section 348 speaks of " attendants " in one sentence and " confidential attendants " in the next. Section 367, which deals with the Court of General Sessions, provides that the compensation of " the chief court attendants, the attendants * * * shall be fixed by the judges of said court." This clearly indicates statutory usage in distinguishing between " attendants " and " chief attendants." It would seem to follow that in the equalization provision of section 352 the statutory use of the word " attendants " was in the narrow sense and did not cover the office of " chief court attendants."

The statute deals with positions, the salaries of which are fixed by an agency other than the city appropriating bodies. Its operation should, therefore, be limited to such employees as the Legislature has clearly included within the mandatory provisions of section 352 invoked here. That section by its terms equalizes the salaries of " attendants " only and not those of " chief court attendants." The motion is denied.